IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AKC, minor, by TED and BELLA CARROLL, her Parents and Next Friends, TED CARROLL, an individual, and BELLA CARROLL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LAWTON INDEPENDENT SCHOOL DISTRICT NO. 8, VICKIE CANTRELL, an individual, LYNN FITZ, an individual, and JOHN WHITTINGTON, an individual, <br><br> Defendants. | Case No. CIV-13-407-M |

## ORDER

Before the Court is Defendant Vickie Cantrell's ("Cantrell") Motion to Dismiss Plaintiffs' Complaint and Brief in Support of Defendant Vickie Cantrell's Motion to Dismiss ("Mtn. to Dis."), filed May 29, 2013. On June 19, 2013, plaintiffs filed their response ("Pls.' Resp."), and on July 1, 2013, Cantrell filed her reply. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiffs, Ted and Bella Carroll, the parents and next friends of AKC[1], bring this action on behalf of their minor daughter alleging several claims against Lawton Independent District No. 8 ("the District"), Cantrell, AKC's teacher; Lynn Fitz ("Fitz"), Director of Special Services at the District, and John Whittington ("Whittington"), Chief of School Security at the District. Plaintiffs allege that in late May of 2012, Mr. Carroll discovered AKC had been injured at

---

[1] AKC is a student at Pat Henry Elementary School and during the 2011-2012 school year was a third grader in Cantrell's class. Compl. ¶ 11. AKC is autistic and her disability impairs her ability to verbally communicate.

1

school. Compl. ¶ 16. Plaintiffs allege they were told by a teacher's aide assigned to AKC, that AKC "was subjected to 'punishments,' which included: (1) physically battering AKC and tearing AKC's underwear; and (2) abusing AKC by placing her in a dark closet as punishment." Compl. ¶ 17. Further, plaintiffs allege that the teacher's aides in AKC's class were prohibited by Cantrell from speaking to parents about matters concerning the students without Cantrell being present. Plaintiffs allege that Cantrell "threatened the teacher's aides with their jobs if they informed the parents, including the Carrolls, about the punishments." Compl. ¶ 18.

Plaintiffs further allege that the school's principal, as well as Fritz and Whittington, were aware of Cantrell's conduct and that plaintiffs were never notified of any disciplinary issues involving AKC. Plaintiffs allege that as a result of Cantrell's conduct and the District's inaction, AKC refuses to go into the school and gets upset and agitated when she enters the building, and that her overall academic progress has been impacted, as well as her ability to participate in the educational process. Plaintiffs allege that, as a result of these punishments, they have suffered damages, such as medical bills, and AKC's academic achievement has been significantly impacted, requiring AKC to receive tutoring to bring her to the appropriate academic level.

Based on these allegations, plaintiffs assert the following claims against Cantrell: (1) negligence; (2) battery; (3) assault; (4) intentional infliction of emotional distress; and (5) conspiracy. Cantrell contends that the Court should refuse to exercise pendent jurisdiction over all state law claims against Cantrell since no federal claims[2] are asserted against Cantrell in the Complaint, and the existence of federal jurisdiction has been attacked by the District in its

---

[2] Plaintiffs assert federal claims against the District, including deprivation of rights protected by the Fourteenth Amendment ("Section 1983"); violation of the Americans with Disabilities Act- Title II ("ADA"); and violation of Section 504 of the Rehabilitations Act of 1973 ("Section 504").

Motion to Dismiss [docket no. 16]³. In the alternative, Cantrell moves this Court to dismiss plaintiffs' claims, pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court

---

³ The District moved the Court to dismiss plaintiffs' Section 1983, ADA, and Section 504 claims because plaintiffs did not first exhaust their administrative remedies under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 *et seq.*

reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

    A.   Supplemental Jurisdiction

Cantrell asserts that, pursuant to 28 U.S.C. § 1367(c)(4)[4], the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims in this action. In a separate Order entered this day, the Court granted plaintiffs leave to file an Amended Complaint as to their Section 1983 claim. If plaintiffs do not file an Amended Complaint, or the Court dismisses plaintiffs' amended Section 1983 claim, the Court will decide at that time whether it will decline to exercise supplemental jurisdiction as to the state claims in this action.

    B.   Negligence

It is well established that the Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). Under the GTCA, a governmental entity is liable for torts for which a private person would be liable, unless

---

[4] 28 U.S.C. § 1367(c)(4) provides that:
    **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
    **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
28 U.S.C. § 1367(c)(4).

the torts are committed outside the course and scope of employment or unless they are committed in bad faith or in a malicious manner. *Id.* Scope of employment is defined as an act where the employee performed the act in good faith within the duties of his office or employment. *Id.* More specifically, an employee is said to be acting within the scope of employment if the employee is doing that which is customary within the particular trade, engaging in work assigned, or doing that which is proper, necessary and usual to accomplish the work assigned. *Id.*

Cantrell asserts that she is immune from a suit for negligence contending that, "since the duty allegedly breached can only spring from Cantrell's duty as a teacher, and not an individual, she cannot be sued for negligence." Mtn. to Dis. at 4. Plaintiffs assert that Cantrell is not protected under the GTCA because Cantrell's conduct alleged in the Complaint was willful and wanton. The Oklahoma Court of Civil Appeals found in *Hull v. Wellston Indep. Sch. Dist. I 004*, 46 P.3d 180 (Okla. Civ. App. 2001) that:

> Although officers and employees of governmental agencies, including the State are protected from tort liability while performing discretionary functions within the scope of their employment, such protection does not render such employees immune from liability for willful and wanton negligence or conduct which places the employees outside the scope of their employment.

*Id.* at 184. Further, the Oklahoma Supreme Court defined wanton as:

> [C]onduct [that] exhibits a conscious indifference to consequences in circumstances where probability of harm to another within the circumference of the conduct is reasonably apparent, although harm to another is not intended, but only that the act is so unreasonable and dangerous that the actor either knows or should know that there is an eminent likelihood of harm.

*Foster v. Emery*, 495 P.2d 390, 392-93 (Okla. 1972).

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have not set forth sufficient allegations to show that Cantrell acted with willful and wanton negligence. In their Complaint, plaintiffs generally allege "that AKC was subjected to 'punishments,' which included (1) physically battering AKC and tearing AKC's underwear; and, (2) abusing AKC by placing her in a dark closet as punishment." Compl. ¶ 17. As to the cause of action for negligence, plaintiffs specifically claim that, "Cantrell negligently interfered with AKC's ability to receive an education free of injury and intimidation."  Compl. ¶ 47. The Court finds that this claim is not enough to show that Cantrell acted outside the scope of her employment or that she acted in a willful or wanton manner. Accordingly, the Court dismisses plaintiffs' negligence claim against Cantrell.

B.     Assault, Battery, and Intentional Infliction of Emotional Distress (IIED)

Cantrell asserts plaintiffs have failed to plausibly state a claim for their assault, battery, and IIED claims. Plaintiffs request they be granted leave to amend on any claim that the Court finds insufficient. Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs' allegations against Cantrell are not sufficient to impose individual liability. Specifically, the Court finds that in their Complaint, plaintiffs never allege that Cantrell actually subjected AKC to the punishments, only that, "AKC was subjected to 'punishments,' which included (1) physically battering AKC and tearing AKC's underwear; and, (2) abusing AKC by placing her in a dark closet as punishment." Compl. ¶ 17. Accordingly, the Court finds that, plaintiffs' claims of assault, battery, and IIED should be dismissed without

prejudice. However, the Court grants plaintiffs leave to file an Amended Complaint in order to specifically allege facts regarding their assault, battery, and IIED claims against Cantrell.

C. Civil Conspiracy

"A civil conspiracy consists of a combination of two or more persons to do an unlawful act or to do a lawful act by unlawful means. . . . In order to be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means." *Gaylord Entm't Co. v. Thompson,* 958 P.2d 128, 148 (Okla. 1998). A civil conspiracy claim must "allege specific facts showing an agreement and concerted action amongst the defendants," and "the manner in which the conspiracy operated." *Montgomery v. City of Ardmore*, 365 F.3d 926, 940 (10th Cir. 2004). In their Complaint, plaintiffs assert that Cantrell, Fitz, and Whittington conspired to cover up the alleged abuse that occurred in Cantrell's classroom, in violation of Okla. Stat. tit. 10A, § 1-2-101(C).[5] Cantrell asserts that "no concerted acts taken by Cantrell with any other defendant is detailed in the Complaint." Mtn. to Dis. at 8.

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds

---

[5] Okla. Stat. tit. 10A, § 1-2-101(C) provides:

> C. Any person who knowingly and willfully fails to promptly report suspected child abuse or neglect or who interferes with the prompt reporting of suspected child abuse or neglect may be reported to local law enforcement for criminal investigation and, upon conviction thereof, shall be guilty of a misdemeanor. Any person with prolonged knowledge of ongoing child abuse or neglect who knowingly and willfully fails to promptly report such knowledge may be reported to local law enforcement for criminal investigation and, upon conviction thereof, shall be guilty of a felony. For the purposes of this paragraph, "prolonged knowledge" shall mean knowledge of at least six (6) months of child abuse or neglect.

Okla. Stat. tit. 10A, § 1-2-101(C).

that plaintiffs have insufficiently pled a claim of civil conspiracy against Cantrell.[6] The Court specifically finds that plaintiffs' Complaint is deficient in showing an agreement between Cantrell, Fitz, and Whittington to conspire to violate the Oklahoma child abuse reporting statute by not reporting the alleged abuse AKC suffered. Accordingly, plaintiffs' claim as to civil conspiracy against Cantrell is dismissed.

IV.    Conclusion

Accordingly, for reason set forth above, the Court GRANTS in part and DENIES in part Defendant Vickie Cantrell's Motion to Dismiss Plaintiffs' Complaint [docket no. 17] as follows:

1. The Court GRANTS Cantrell's motion to dismiss as to plaintiffs' negligence and civil conspiracy claims, and DISMISSES plaintiffs' negligence and civil conspiracy claims.

2. The Court GRANTS Cantrell's motion to dismiss, DISMISSES without prejudice plaintiffs' assault, battery, and IIED claims, and GRANTS plaintiffs leave to file an Amended Complaint. Plaintiffs shall have thirty (30) days from the date of this Order to file an Amended Complaint.

**IT IS SO ORDERED this 26th day of March, 2014.**

*[signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] In their Complaint, plaintiffs allege a conspiracy claim against all defendants. In their response to Cantrell's Motion to Dismiss, plaintiffs concede the claim is only against defendants Cantrell, Fitz, and Whittington. In separate Orders entered this same date, the Court dismissed the conspiracy claims against Whittington and Fitz, as well as the District.