IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

AKC, minor, by TED and BELLA )
CARROLL, her Parents and Next Friends, )
TED CARROLL, an individual, and )
BELLA CARROLL, an individual, )
　)
　　　　　Plaintiffs, )
　)
v. ) Case No. CIV-13-407-M
　)
LAWTON INDEPENDENT SCHOOL )
DISTRICT NO. 8, VICKIE CANTRELL, )
an individual, LYNN FITZ, an individual, )
and JOHN WHITTINGTON, an individual, )
　)
　　　　　Defendants. )

## ORDER

Before the Court is the Motion to Dismiss by Defendants Lynn Fitz ("Fitz") and John Whittington ("Whittington") with Combined Brief in Support ("Mtn. to Dis."), filed May 30, 2013. Plaintiffs filed their response ("Pls.' Resp.") on June 20, 2013, and Fitz and Whittington replied on June 26, 2013. Based on the parties' submissions, the Court makes its determination.

I.　Introduction

Plaintiffs, Ted and Bella Carroll, the parents and next friends of AKC[1], bring this action on behalf of their minor daughter alleging several claims against Lawton Independent School District No. 8 ("the District"), Vickie Cantrell ("Cantrell"), AKC's teacher; Fitz, Director of Special Services at the District; and Whittington, Chief of School Security at the District. Plaintiffs allege that in late May of 2012, Mr. Carroll discovered AKC had been injured at school. Compl. ¶ 16. Plaintiffs allege they were told by a teacher's aide assigned to AKC, that

---

[1] AKC is a student at Pat Henry Elementary School and during the 2011-2012 school year was a third grader in Defendant Vickie Cantrell's class. Compl. ¶ 11. AKC is autistic and her disability impairs her ability to verbally communicate.

1

AKC "was subjected to 'punishments,' which included: (1) physically battering AKC and tearing AKC's underwear; and (2) abusing AKC by placing her in a dark closet as punishment." Compl. ¶ 17. Further, plaintiffs allege that the teacher's aides in AKC's class were prohibited by Cantrell from speaking to parents about matters concerning the students without Cantrell being present. Plaintiffs allege that Cantrell "threatened the teacher's aides with their jobs if they informed the parents, including the Carrolls, about the punishments." Compl. ¶ 18.

Plaintiffs further allege that the school's principal, as well as Fritz and Whittington, were aware of Cantrell's conduct and that plaintiffs were never notified of any disciplinary issues involving AKC. Plaintiffs allege that as a result of Cantrell's conduct and the District's inaction, AKC refuses to go into the school and gets upset and agitated when she enters the building, and that her overall academic progress has been impacted, as well as her ability to participate in the educational process. Plaintiffs allege that, as a result of these punishments, they have suffered damages, such as medical bills, and AKC's academic achievement has been significantly impacted, requiring AKC to receive tutoring to bring her to the appropriate academic level.

Based on these allegations, plaintiffs assert claims of negligence and conspiracy against Fritz and Whittington. Fritz and Whittington move this Court to dismiss plaintiffs' claims, pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

2

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.  Discussion

    A.  Negligence

It is well established that the Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). Under the GTCA, a governmental entity is liable for torts for which a private person would be liable, unless the torts are committed outside the course and scope of employment or unless they are

committed in bad faith or in a malicious manner. *Id.* Scope of employment is defined as an act where the employee performed the act in good faith within the duties of his office or employment. *Id.* More specifically, an employee is said to be acting within the scope of employment if the employee is doing that which is customary within the particular trade, engaging in work assigned, or doing that which is proper, necessary and usual to accomplish the work assigned. *Id.*

Fitz and Whittington assert that plaintiffs have "failed to specifically allege that they engaged in conduct outside their scope of employment or that a 'special relationship' or 'duty' existed between the plaintiffs and Fritz and Whittington outside the school setting." Mtn. to Dis. at 3. Plaintiffs assert that the GTCA does not protect Fitz and Whittington because they engaged in willful and wanton conduct. The Oklahoma Court of Civil Appeals found in *Hull v. Wellston Indep. Sch. Dist. I 004,* 46 P.3d 180 (Okla. Civ. App. 2001) that:

> Although officers and employees of governmental agencies, including the State are protected from tort liability while performing discretionary functions within the scope of their employment, such protection does not render such employees immune from liability for willful and wanton negligence or conduct which places the employees outside the scope of their employment.

*Id.* at 184. The Oklahoma Supreme Court defined wanton as:

> [C]onduct [that] exhibits a conscious indifference to consequences in circumstances where probability of harm to another within the circumference of the conduct is reasonably apparent, although harm to another is not intended, but only that the act is so unreasonable and dangerous that the actor either knows or should know that there is an eminent likelihood of harm.

*Foster v. Emery*, 495 P.2d 390, 392-93 (Okla. 1972).

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds

that plaintiffs have not set forth sufficient allegations to show that Fitz and Whittington acted with willful and wanton negligence. In their Complaint, plaintiffs allege that "Fitz and Whittington failed to take any remedial and/or corrective action to stop the abuse," allegedly committed by Cantrell, and that "all defendants' actions were made with reckless disregard as to AKC's well-being and rights." Compl. ¶¶ 49 & 52. The Court finds that plaintiffs have failed to plead any facts to show that Fitz and Whittington's alleged action/or inaction was outside the scope of their employment or that their conduct was made with willful or wanton negligence. These statements as to Fitz and Whittington's actions or inactions are nothing more than mere conclusory statements. Accordingly, for the reasons set forth above, plaintiffs' claims of negligence against Fitz and Whittington are dismissed.

B. Conspiracy

"A civil conspiracy consists of a combination of two or more persons to do an unlawful act or to do a lawful act by unlawful means. . . . In order to be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means." *Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 148 (Okla. 1998). A civil conspiracy claim must "allege specific facts showing an agreement and concerted action amongst the defendants," and "the manner in which the conspiracy operated." *Montgomery v. City of Ardmore*, 365 F.3d 926, 940 (10th Cir. 2004). In their Complaint, plaintiffs assert that Cantrell, Fitz, and Whittington conspired to cover up the alleged abuse that occurred in Cantrell's classroom, in violation of Okla. Stat. tit. 10A, § 1-2-101(C).[2] Fitz and Whittington assert that "in Oklahoma, in order for civil conspiracy to lie, the claim must base itself on a valid actionable underlying tort." Mtn. to Dis. at 8[3].

---

[2] Okla. Stat. tit. 10A, § 1-2-101(C) provides:

> C. Any person who knowingly and willfully fails to promptly report suspected child abuse or neglect or who interferes with the

5

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have insufficiently pled a claim of civil conspiracy against Fitz and Whittington.[4] The Court specifically finds that plaintiffs' Complaint is deficient in showing an agreement between Cantrell, Fitz, and Whittington to conspire to violate the Oklahoma child abuse reporting statute by not reporting the alleged abuse suffered by AKC. The Court also agrees with Fitz and Whittington that, in order for a civil conspiracy claim to lie, it must be based on an underlying tort. In this case, plaintiffs' alleged conspiracy claim relies on the fact that neither Cantrell, Whittington, or Fitz reported the alleged abuse according to the Oklahoma child abuse reporting statute. A conviction under Okla. Stat. tit. 10A, § 1-2-101(C) is not a tort, but a criminal offense; so, a civil conspiracy claim cannot be based on a violation of the Oklahoma child abuse reporting statute. Accordingly, plaintiffs' civil conspiracy claim Fitz and Whittington is dismissed.

---

> prompt reporting of suspected child abuse or neglect may be reported to local law enforcement for criminal investigation and, upon conviction thereof, shall be guilty of a misdemeanor. Any person with prolonged knowledge of ongoing child abuse or neglect who knowingly and willfully fails to promptly report such knowledge may be reported to local law enforcement for criminal investigation and, upon conviction thereof, shall be guilty of a felony. For the purposes of this paragraph, "prolonged knowledge" shall mean knowledge of at least six (6) months of child abuse or neglect.

Okla. Stat. tit. 10A, § 1-2-101(C).

[3] Citing *Meyer v. Town of Buffalo, Okla.*, 2007 WL 2436302, at *5 (W.D. Okla. Aug. 22, 2007)(unpublished opinion).

[4] In their Complaint, plaintiffs allege a conspiracy claim against all defendants. In their response to Cantrell's Motion to Dismiss, plaintiffs concede the claim is only against defendants Cantrell, Fitz, and Whittington. In separate Orders entered this same date, the Court dismissed the conspiracy claims against Cantrell, as well as the District.

IV. <u>Conclusion</u>

Accordingly, for the reasons set forth above, the Court GRANTS the Motion to Dismiss by Defendants Lynn Fitz and John Whittington with Combined Brief in Support [docket no. 19] and DISMISSES plaintiffs' negligence and civil conspiracy claims against defendants Fitz and Whittington.

**IT IS SO ORDERED this 26th day of March, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE