IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

AKC, minor, by TED and BELLA )
CARROLL, her Parents and Next Friends, )
TED CARROLL, an individual, and )
BELLA CARROLL, an individual, )
 )
           Plaintiffs, )
 )
v. ) Case No. CIV-13-407-M
 )
LAWTON INDEPENDENT SCHOOL )
DISTRICT NO. 8 and VICKIE CANTRELL, )
an individual, )
 )
           Defendants. )

## ORDER

Before the Court is Defendant Lawton Public School's ("the District") Motion to Dismiss Plaintiffs' Amended Complaint with Combined Brief in Support, filed May 9, 2014. On May 30, 2014, plaintiffs responded, and on June 6, 2014, the District replied. Also before the Court is Defendant Vickie Cantrell's ("Cantrell") Combined Motion to Dismiss Plaintiffs' Amended Complaint and Brief in Support, filed May 9, 2014. On May 30, 2014, plaintiffs responded, and on June 6, 2014, Cantrell replied. Based on the parties' submissions, the Court makes its determination.

I.    Introduction[1]

Plaintiffs, Ted and Bella Carroll, the parents and next friends of AKC[2], bring this action on behalf of their minor daughter alleging several claims against the District and Cantrell. Plaintiffs allege that in late May, 2012, AKC looked Mr. Carroll in the eye and said "school,

---

[1] The alleged facts are taken from plaintiffs' Amended Complaint.
[2] AKC is a student at Pat Henry Elementary School and during the 2011-2012 school year was a third grader in Cantrell's class. AKC has autism, a disability that impairs her ability to verbally communicate.

1

owie." Am. Compl. ¶ 15. As a result of AKC's direct eye contact and verbal communication with Mr. Carroll, plaintiffs allege that AKC had been harmed at school that day. Plaintiffs contacted the teacher's aide assigned to AKC at school and were allegedly told "that AKC was receiving 'punishments' at school from Defendant Cantrell." Am. Compl. ¶16. Plaintiffs allege that "Defendant Cantrell had 'punished' AKC by pulling her undergarments so hard into a 'wedgie' that AKC's underwear were torn." Am. Compl. ¶ 16. Further, plaintiffs allege that AKC had also been placed in a dark closet on previous occasions. *Id.*

Plaintiffs allege it was their belief that AKC's drawings of sad and upset children were her way of communicating the events occurring at school. Further, plaintiffs allege that Cantrell prohibited the teacher's aides from speaking with parents without Cantrell being present for the conversation and that Cantrell threatened the teacher's aides with their jobs if they informed the parents, including plaintiffs, about the punishments. Plaintiffs allege that the District, as well as the principal, and other staff were aware of Cantrell's conduct but failed to take any action, including notifying plaintiffs. Am. Compl. ¶ 18.

Plaintiffs allege that as a result of Cantrell's actions and the District's inaction, AKC suffers from the allege "abuse" she endured. *See* Am. Compl. ¶ 21. Plaintiffs further allege that as a result of the alleged punishments: AKC refuses to get out of the car and go into the school and routinely becomes upset and agitated when she enters the building; her academic progress as well as her mental and emotional health have been damaged; AKC's ability to participate in the educational process has been significantly altered; AKC's academic achievement has been significantly impacted requiring her to receive additional tutoring; and she has been acting out and is not able to participate in normal children's activities such as summer day camp. Plaintiffs

also allege they, along with AKC, have suffered damages, such as significant medical bills, as a result of the alleged punishments by Cantrell.

Based on these allegations, plaintiffs assert the following claims against the District: (1) deprivation of rights protected by the Fourteenth Amendment ("Section 1983" claim); (2) deprivation of liberty without due process pursuant to the Oklahoma Constitution ("Oklahoma Constituion"); and (3) negligence. Plaintiffs also allege claims of assault, battery, and intentional inflection of emotional distress against Cantrell. The District now moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss plaintiffs' alleged claims of violation of Section 1983 and the Oklahoma Constitution for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.[3] Cantrell moves this Court, pursuant to 28 U.S.C. § 1367 and Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' claims against her.

II. Standard for Dismissal

"Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation omitted). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

The District asserts it is making a facial attack on plaintiffs' Amended Complaint, and, thus, "a challenge to subject matter jurisdiction based on legal grounds is governed by the same

---

[3] The District does not seek the dismissal of plaintiffs' negligence claim.

standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6)." Mtn. to Dis. at 4 (*citing Dry v. United States*, 235 F.3d 1249, 1253 (10th Cir. 2000)). Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

   A. Plaintiffs' Section 1983 Claim

The District asserts that in plaintiffs' Amended Complaint, plaintiffs allege an educational injury occurred as a result of the District's alleged Section 1983 violation. The District renews its contention that as a result of this alleged educational injury, the Court does not have subject matter jurisdiction to hear plaintiffs' Section 1983 claim, and plaintiffs are required to exhaust their administrative remedies under the Individuals with Disabilities Education Act ("IDEA")[4] prior to filing this lawsuit.[5] The District also reiterates the fact that the Tenth Circuit has held that "if a student with a disability seeks to bring a claim for educational injuries, then he must plead to show either that he has exhausted his administrative remedies under the IDEA or that relief he is seeking is not available under the IDEA." *Cudjoe*, 297 F.3d at 1063. Plaintiffs continue to contend that they are not seeking educational damages as part of their Section 1983 claim and that "exhaustion is not required when seeking physical, non-educational

---

[4] The IDEA, and its predecessor the Education of the Handicapped Act ("EHA"), was designed to "ensure that all children with disabilities have available to them a free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(2000).
*Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063-64 (10th Cir. 2002).

[5] The District previously filed a motion to dismiss moving the Court to dismiss plaintiffs' alleged Section 1983 violation against the District for lack of subject matter jurisdiction since plaintiffs failed to exhaust their administrative remedies under the IDEA prior to filing this lawsuit. The Court, in its March 26, 2014 Order, found that plaintiffs were not required to exhaust their administrative remedies for their Section 1983 claim since plaintiffs only alleged a physical injury occurred under the alleged Section 1983 violation and not an educational injury.

injuries." Plfs.' Resp. at 7 n. 2 (*citing Muksrat v. Deer Creek Pub. Schs.*, 715 F.3d 775, 782 (10th Cir. 1998)).

Having carefully reviewed plaintiffs' Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that, even though generally alleged, plaintiffs have alleged educational harms requiring plaintiffs to exhaust their administrative remedies under the IDEA. In plaintiffs' original Complaint, it was clear that plaintiffs were alleging educational harms under their claims of violation of the Americans with Disability Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"); however, as to the Section 1983 violation, plaintiffs complained that AKC had suffered only physical injuries. As a result, the Court dismissed plaintiffs' ADA and Section 504 claims because plaintiffs had not exhausted their administrative remedies under the IDEA. As to plaintiffs' Section 1983 claims, the Court found plaintiffs were not required to exhaust their administrative remedies under the IDEA. However, in reviewing plaintiffs' Amended Complaint, the Court finds that plaintiffs continue generally to allege educational harms:

> 23. The actions of the District have damaged AKC's overall academic progress as well as her mental and emotional health. The impact of these punishments, coupled with AKC's autism, significantly altered AKC and her ability to attend and participate in the educational process.
>
> 24. AKC's academic achievement has also been significantly impacted by the trauma and physical pain inflicted upon her by her teacher. Additional tutoring will be required to bring AKC to the academic level she needs to achieve.

Am. Compl. ¶¶ 23 and 24.

The Tenth Circuit makes clear that:

> In essence the dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary. Where the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required in order to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem.

*Padilla ex rel. Padilla v. Sch. Dist. No. 1 in the City and County of Den., Co.*, 233 F.3d 1268, 1274 (10th Cir. 2000) (internal citation omitted). In *Padilla,* the plaintiff sought damages solely for the physical injuries she suffered and made no complaints regarding her current educational situation. *Id*. It is now clear to the Court that, while plaintiffs specifically allege that AKC was physically harmed by Cantrell, plaintiffs also generally allege that AKC experienced educational injuries as a result of the District's and Cantrell's actions. In reviewing plaintiffs' Amended Complaint in total, the Court finds that plaintiffs were required to also exhaust their administrative remedies for their Section 1983 violation through the IDEA prior to filing this lawsuit. "Congress has expressly stated that parties are required to exhaust administrative remedies under the IDEA for all claims arising out of the educational services provided to a child with disabilities, including claims brought under Section 1983, Section 504, and the ADA". *Id*. at 7. Section 1415(l) of the IDEA provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). Accordingly, plaintiffs' claims that the District committed a Section 1983 violation are dismissed for lack of subject matter jurisdiction.[6]

B. Supplemental Jurisdiction

Cantrell asserts that, pursuant to 28 U.S.C. § 1367, the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims in this action. 28 U.S.C. § 1367 provides in part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (3) the district court has dismissed all claims over which it has original jurisdiction . . . .

28 U.S.C. § 1367(c)(3). As a result of the Court dismissing plaintiffs' Section 1983 claim, there are no remaining claims over which the Court has original jurisdiction. Therefore, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Accordingly, plaintiffs' Oklahoma Constitution and negligence claims against the District and plaintiffs' assault, battery and intentional infliction of emotional distress claims against Cantrell are dismissed without prejudice.

IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendant Lawton Public School's Motion to Dismiss Plaintiffs' Amended Complaint with Combined Brief in Support [docket no. 36], and Defendant Vickie Cantrell's Combined Motion to Dismiss Plaintiffs' Amended Complaint and Brief in Support [docket no. 37] as follows:

(1) The Court DISMISSES plaintiffs' Section 1983 claim for lack of subject matter jurisdiction without prejudice; and

---

[6] Since the Court has dismissed plaintiffs' Section 1983 claim based on lack of subject matter jurisdiction, the Court will not address the District's contention that plaintiffs' claims should be dismissed for failure to state a claim.

(2) The Court DECLINES to exercise supplemental jurisdiction over plaintiffs' Oklahoma Constitution and negligence claims against the District and assault, battery, and intentional infliction of emotional distress claims against Cantrell, and DISMISSES these claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED this 26th day of November, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE